Essex,
March,
1838.

GREANLEAF WEBB *v.* DAVID HOPKINSON, Trustee of COR-
NELIUS WASHBURN.

An appeal from the judgment of a justice of the peace must be entered with-
in two hours, and bail for the prosecution of the appeal must be actually
entered within the time.   The entering of bail is necessary to perfect the
appeal.

This was a trustee process, commenced before a justice of
the peace, by whom judgment was rendered that said Hop-
kinson was trustee.   The justices' record stated that the judg-
ment was rendered on the first Saturday of April 1837, and
that the said David Hopkinson, within two hours after the
rendition of said judgment against him, prayed for an appeal
to the County Court, and that, on the 10th day of May 1837,
the said Hopkinson, as principal, and H. M. Wead, as surety,
recognized to the plaintiff in the sum of fifty dollars for the
prosecution of said appeal, in due form of law.   The appeal
was entered on the docket of the County Court, upon which
the plaintiff moved said Court that the action be dismissed
from said Court for the irregularity of said appeal.

The County Court dismissed the action, and the trustee
excepted.

*H. M. Mead* for trustee.

The question to be decided is whether the appeal was valid,
and depends upon the construction of the act of 1835.   By
the first section of that act, it is provided that the same right
of appeal shall be allowed to all the parties that is allowed in
the justices' act.

By the 4th section of the justice act, (statute, p. 125) it is
provided that any person, who shall think himself aggrieved
by the decision of a justice, shall have liberty to appeal to the
next County Court.   And the party claiming such appeal
shall enter the same within two hours after judgment render-
ed and shall give sufficient security by way of recognizance
for such appeal, &c.

It is insisted, 1st, that the two hours named in this sec-
tion has reference only to the entering the appeal and not to
the security.

2d. The appeal being entered by the justice, this judgment
is vacated, and is entirely inoperative.   Properly the appeal
should not be granted until the bail is put in, but being once
granted, it is good, even if no bail is put in, and the justice in
that case would be responsible.   He cannot undo his own act.

3d. The putting in of bail has no connection with the appeal. They are separate and distinct acts—the one is to insure security to the appellee for intervening damages and cost—the other is to procure a rehearing of the cause.

4th. All other modes of reviewing a justice's judgment, excepting by appeal, being taken away by statute, justice requires a *liberal* construction of the act granting appeals, or, as in the present instance, gross injustice will be done.

5th. By the 1st section of the act of 1835, *no bail* is required to be given. By the 5th section of the same act, it is provided that the party appealing shall furnish such bail as to the justice shall seem reasonable.

A fair construction of this act will establish these positions, 1st, that no reference is here made even by implication to " two hours," and that the justice is the sole judge of the amount and solvency of the bail, and of the time when it shall be received.

2d. The justice having granted the appeal and taken such bail as seemed reasonable to him, and *the appeal and bail* having been duly entered of record, no other court has power to review or annul that act.

*W. Heywood, jr.* for plaintiff.

The recognizance is essential to the appeal, and must have been entered within the two hours after judgment. If the appeal was perfect without it, immediately after the expiration of the two hours the suit passed out of the power of the justice, so that he had no authority to take a recognizance.

A magistrate has not, at common law, authority to take recognizances; and if he take a recognizance in a manner not authorized by the statute, it is void. (*Hiecock* v. *Hiecock,* 1 D. Chip. R. 133. *Bridge* v. *Ford,* 4 Mass. R. 641—and 7 do. 209. *Commonwealth* v. *Daggett,* 16 Mass. R. 447.

After the rendition of the judgment, if it was not appealed from within the two hours, the plaintiff was entitled to his execution. Could it be necessary for him to wait a month before taking out the execution to see whether the defendant might not furnish the requisite recognizance ?

The plaintiff had a right to be present at the taking of the recognizance, and object to the sufficiency of the person offered, and examine him on oath as to his property. This is an important right which he was deprived of by reason

of the omission to enter the recognizance within the two hours.

In the case of *Sargeant W. Beach* v. *John L. Ingalls*, decided at the March term of Essex County Court, 1833, but not reported, it was held that the recognizance could not be taken after the two hours from the rendition of judgment.

COLLAMER, J. The statute of 1835, giving jurisdiction to justices of the peace of actions of this nature, gives to each party the right of appeal and puts that appeal under the same regulations as in other cases. Our statute gives to the party, entitled to appeal from the judgment of a justice, two hours within which to enter his appeal, and requires him to furnish bail by way of recognizance to prosecute it. That entering bail is a part of the taking of an appeal so as to vacate the judgment, and without which bail the appeal is imperfect and incomplete, was fully, and we think correctly, decided by this Court in this county in 1833, in the case of *Beach* v. *Ingalls*. The necessity of this arises not only from the phraseology of the statute, which strongly implies it, but from the utter impracticability of a different course. A plaintiff must take out and pursue his execution within a certain time after judgment to hold his previous securities.

If an appeal can be taken and bail therefor be indefinitely suspended and at last, perhaps, utterly neglected, the plaintiff's securities will be lost. It is frequently the case that both parties are dissatisfied with the judgment, and one neglects to appeal because he sees the other appeal. If the bail may be deferred, it may be wholly neglected, and the other party entirely deceived. If an appeal can be entered and the bail deferred, when can the justice issue execution ? How long may it be deferred ? In short, it is impracticable to leave the appeal suspended on the doubtful contingency of bail being afterwards perfected or neglected by the appellant ; or to fix on any other time but the two hours fixed by law for entering the appeal, or to permit appeals *without bail*. We cannot adopt the notion of the plaintiff's counsel, that is, that the justice may allow an appeal without bail, and stand himself responsible. The appeal is a matter of right, which the justice has no judicial discretion to allow or refuse ; and so with the County Court ; and they cannot deny to the appellee the security the law gives him,—that is, good bail. It is not

law that where there is no such bail the justice or the judges are personally liable. The law gives the party his right to appeal only on the *condition precedent* that he furnish bail.

Judgment affirmed.