Hon. ASA O. ALDIS,
Hon. JOHN PIERPOINT, } ASSISTANT JUDGES.
Hon. ASAHEL PECK,

---

### HENRY F. DEWEY v. SAMUEL FAY.

*Receiptor. Levy of Execution.*

The legal meaning of the contract of a receiptor is, that he will have the property attached forthcoming, upon demand made for the same by the officer, to respond the execution that may issue upon the judgment obtained in the suit in which the property is attached.

When the receiptor actually has the property in his possession, and the exe-
cution expires in the hands of the officer, without any demand made for
the property to apply on the execution, the debtor is entitled to a return of
his property free from the lien created by the attachment.  Neither the
creditor, the officer, nor the receiptor may withhold it from him.

If there is no demand made upon the receiptor for the property, within the
life of the execution, he is discharged from his liability to the officer.

TROVER for certain property specified in a certain receipt, dated June 1, 1857, executed to the plaintiff by B. F. Fay and the defendant.  Plea the general issue, and trial by the court at the December term, 1859,—KELLOGG, J., presiding.

It appeared that one Patchin commenced a suit against B. F. Fay, returnable to the June term of the county court, 1857; that the writ was served on Fay by the plaintiff, as constable of the town of Bennington, on the first day of June, 1857, by attaching his property ; that thereupon Fay and the defendant executed and delivered to the plaintiff a receipt for the property attached ; that at the December term of the county court, 1857, Patchin recovered a judgment in his suit against Fay for two hundred and twenty-seven dollars and forty cents damages, and seventeen dollars and fifty-three cents costs ; that on the 4th day of January, 1858, Patchin took out an execution on his judgment, and put it into the hands of an officer to levy and return ; and that the officer holding the execution on the 2d day of February, 1858, made a demand upon the plaintiff for the property attached, for the purpose of levying the execution upon it ; but the plaintiff did not deliver the property to the officer, but did deliver to him the receipt executed by B. F. Fay and the defendant.  The issuing of the execution, the delivery of the same to the officer, and the demand upon the plaintiff, were each within thirty days from the time of rendering the judgment.  On the 15th day of February, 1858, B. F. Fay died, and the officer delivered the execution back into the hands of Patchin, within the life of the same.  But it further appeared that Patchin did not intend by receiving back the execution to release, or in any manner affect, his right to pursue or hold the property attached, or to waive or abandon his lien under the attachment, or to affect in

any manner his rights or remedy against the plaintiff for not delivering the property to the officer on demand.

No demand was ever made on B. F. Fay for the property, and no demand was made by the plaintiff on the defendant until some-time in December, 1858, just prior to the commencement of this suit.

Patchin did not present any claim against B. F. Fay's estate before the commissioners, although letters of administration had been granted, and commissioners were appointed on the estate, and the time allowed for presenting claims before the commis-sioners had expired.

Upon these facts the court decided that the plaintiff was enti-tled to recover of the defendant the amount due upon the execu-tion, with interest.

To this judgment the defendant excepted.

——— ———, for the defendant.

*T. Sibley,* for the plaintiff.

ALDIS, J.   By our system of attachment of personal property, the creditor must perfect his lien by obtaining judgment, taking out execution within thirty days, and delivering it to the officer who made the attachment, or demanding of him the property. Such delivery to or demand upon the officer within the thirty days is held to be a taking upon the execution within the mean-ing of the statute.   C. S., § 83 of Chap. 31.

Must the execution be levied on the property, or demand made on the receiptors to charge them ?   If the officer has the property in his hands, it is his duty to levy the execution upon it within the sixty days, the life of the execution, and proceed to a sale of it in due course of law.   If he do not so proceed within the life of the execution, the property is discharged from the attachment, and the owner may reclaim it, or any other creditor may attach it.

So, if the property is not in his hands, but in the hands of a servant, he must make demand, and proceed to sell in the same manner.

If the property is in the hands of the owner the officer must do the same, or the lien is gone.

In all the cases enumerated above it is quite obvious, that if there is no levy or demand made by the officer in the life of the execution, the lien is discharged. Is the rule different where a receiptor intervenes?

The legal meaning of the contract of the receiptor is, that he will have the property attached forthcoming, upon demand made for the same by the officer, to respond the execution that may issue upon the judgment obtained in the suit in which the property is attached; and if he fail to do so, he will pay the execution and costs.

Must this demand by the officer upon the receiptor be made within the life of the execution, and, if it is not so made, is the lien of the creditor upon the property gone, so that the officer has no remedy against the receiptor?

Where the receiptor actually has the property in his possession, and the execution expires in the hands of the officer without any demand made for the property to apply on the execution, we think the debtor is clearly entitled to a return of his property, free from the lien created by the attachment. Neither the creditor, the officer, nor the receiptor may withhold it from him. The law which provides that the property must be taken in execution in thirty days, fixes that period of time that the debtor may know whether his property is to go upon the execution or not; that there may be no indefinite delay, keeping the payment of the judgment, the disposition of the property, and the rights of the owner or of other creditors in unreasonable suspense. It is for the interest of all that these questions and interests should be settled promptly. The reason that provides for the taking in execution in thirty days requires that the property thus taken in execution should be disposed of upon the execution according to its legal tenor, and within its life. If it is in the power of the officer or creditor to postpone the levy upon the property beyond the life of the execution, it is obvious there is no definite limit to their power to do so; and the rights of the debtor and of others may be seriously injured. With such a right in the

attaching creditor, the receiptor would never know when his lia-
bility was ended; nor the owner when he could demand a
restoration of his property; nor other creditors when they
could proceed with subsequent attachments; nor purchasers when
they could buy with safety. The very idea of taking in execu-
tion implies that the levy and sale are to be completed under the
authority of the same execution, and of course in its life; the
taking being but a means to this end.

If this delivery of the execution to the officer within the thirty
days—which in the eye of the law is the same as a taking in
execution—must be followed by an actual taking within the life
of the execution, in order to hold the lien good against the debtor,
it seems quite clear that the receiptor may well understand if
there is no demand made upon him for the property within that
time in order to consummate such actual taking, that it is because
the officer does not intend to proceed with the collection of the
execution out of the property. He may therefore regard him-
self as discharged from his liability to the officer. And this we
understand to be in practice the course that is taken by the pro-
fession, by officers, and the community generally, in regard to
the collection of executions, and the liability of receiptors.

We do not find a direct decision upon this point, but the decis-
ions which have any connection with the question tend to this
result.

In the early case of *Enos* v. *Brown*, 2 D.Chip. 280, the point was
made that the statute required not only that the execution should
be delivered to the officer within the thirty days, but that the
property should be actually taken, or demand upon the receiptors
be actually made within that time. The counsel, (Judge Hutch-
inson,) did not contend that a demand on the receiptors within
sixty days was not necessary to charge them, and both the argu-
ment and the opinion of the court seem to recognize that a demand
within that time would be necessary. Ch. J. CHIPMAN says:
" If the execution is delivered to the officer in thirty days, he
then, in the true sense of the law, has the property in execution,
and he has until the return day of the execution to levy the
money of that property."

Dewey v. Fay.

In *Bliss* v, *Stevens*, 4 Vt. 38, the remarks of Ch. J HUTCHINSON are to the same point : " It is a necessary construction of the receipt, that the officer may demand the property of the receiptors at any time in the life of the execution, so as to levy upon and sell it under the authority of the execution."

He refers to the case in the 2d of Tyler, *Strong* v. *Hoyt*, where the demand was made after the expiration of the execution, but the property actually converted before the judgment was rendered,—a circumstance which does not appear in the case at bar.

The debtor and this defendant both signed the receipt, and the property attached may therefore be fairly presumed to have gone into their joint possession. In case of such joint possession of the debtor, who is the general owner of the property, with another, if no demand of the property was made in the life of the execution, the owner and the defendant might well consider the lien by attachment abandoned, and his absolute ownership restored. And in such case, the property being in the possession of the owner, the officer could have no right to pursue the defendant on the receipt, on account of a liability to the owner.

The omission of the plaintiff to make a demand upon the receiptors for the property within the life of the execution being held fatal to his right of recovery upon the receipt, it is unnecessary to consider the other questions raised upon the argument.

Judgment reversed, and judgment for the defendant for his costs.