HON. HOMER E. ROYCE, } ASSISTANT JUDGES.
HON. JONATHAN ROSS,

---

JOHN Q. A. BASS *v.* WILLARD GAY AND A. B. TEWKSBURY.

*Appeal from Judgment of a Justice.* Gen. Sts. c. 31, s. 66.

The right to an appeal from the judgment of a justice, is dependent on compliance with s. 66, c. 31, Gen. Sts., requiring the appellant to give security by way of recognizance to the adverse party for prosecution of the appeal. If the appellant gives no such security, the appeal is void, and does not operate to vacate or suspend the judgment; and the judgment creditor is entitled to an immediate issue of execution; and if he does not take out execution within thirty days, his attachment is dissolved, and the receiptors of the property are discharged.

CASE on a receipt given to the plaintiff, a deputy sheriff, for property attached. The facts were agreed on as follows:

On June 1, 1877, Morse Brothers & Co. sued out a writ of attachment against Charles E. Abbott, returnable before a justice of the peace on the 18th of the same month, and placed the

same in the hands of the plaintiff for service ; and the plaintiff, on the same day, attached thereon,.as the property of Abbott, two wagons, a sleigh, and a harness, of the value of $205. The defendants thereupon receipted said property at the request of Abbott, and took possession of it, after which it was suffered to go back into the possession of Abbott. On the return day of the writ, the justice before whom the writ was returnable, rendered judgment for the plaintiffs therein for $182.68 damages, and $4.10 costs. Within two hours of the rendition of judgment, Abbott prayed for an appeal to the then next December Term of Orange County Court, which was granted, and paid the justice his fee, but he never offered any one as bail, and no bail was ever entered on said appeal. The appeal was not entered at that term by either party ; and on January 26, 1878, and within thirty days of the rising of the court at that term, Morse Brothers & Co. took out execution on their judgment, and placed it in the hands of the plaintiff, who thereupon on the same day demanded the property of the defendants, who refused to return it.

It was also agreed that after the rendition of said judgment, but within sixty days of the attachment, the creditors of Abbott filed a petition in bankruptcy, praying that he be adjudged a bankrupt; and that certain proceedings were thereupon had by way of a composition agreement, whereby Abbott procured a discharge. But as the questions relative to the liability of the defendants that arose on that part of the case were not considered by the court, the facts are not stated.

At the December Term, 1878, the court, REDFIELD, J., presiding, rendered judgment, *pro forma*, for the plaintiff for the amount of Morse Brothers & Co's judgment, interest and cost ; to which the defendants excepted.

*Perrin & McWain*, for the defendants.

The entering of bail was necessary to perfect the appeal. Gen. Sts. c. 31, s. 66 ; *Webb* v. *Hopkinson*, 10 Vt. 544 ; *Finney* v. *Hill*, 11 Vt. 233 ; *Arnold* v. *Waldo*, 36 Vt. 204 ; *Harriman* v. *Swift*, 31 Vt. 385. The statute is mandatory, and the appellee cannot waive his rights to bail thereunder ; but if he can, it is only

at the time of the appeal. If the judgment was not vacated nor suspended by appeal, execution did not seasonably issue, the attachment lien was dissolved, and the receiptors were discharged. *Dewey* v. *Fay*, 34 Vt. 138.

*C. W. Porter*, for the plaintiff.

The statute imposes on the appellant the duty of giving security by way of recognizance, &c. Gen. Sts. c. 31, s. 66. That provision is entirely for the benefit of the other party. *Arnold* v. *Waldo*, 36 Vt. 204. It is not a matter of public interest, and the appellee may waive his rights under the provisions of the statute.

The appeal merely suspended the judgment. It was not vacated because the appeal was not entered at the next term of court. If neither party enters the appeal, the justice may issue execution, and all liens and the liability of receiptors are preserved. Sts. 1866, No. 37.

The opinion of the court was delivered by

ROYCE, J. Upon the agreed statement of facts, the plaintiff's right of recovery is made to depend upon the fact as to whether the execution issued upon the judgment in favor of Morse Brothers & Co. against Charles E. Abbott, was seasonably taken out and placed in the hands of an officer for collection, and the property named in the receipt given by the defendants demanded of them. Section 94, c. 33, Gen. Sts., provides that personal property attached on mesne process shall be held to respond to the judgment rendered on such process thirty days from the time such judgment shall be rendered, and unless the plaintiff shall within thirty days from the time of rendering final judgment, take such property in execution, the same shall be discharged from such process. And the time when a plaintiff is entitled to an execution on a judgment rendered in his favor, is fixed by the next section to be the time of rendering such judgment. It was settled in *Dewey* v. *Fay*, 34 Vt. 138, that in order to charge a receiptor a demand must be made upon him for the property receipted within the life of the execution. The judgment upon which the execution was issued in favor of Morse Brothers & Co. against Abbott,

was rendered on the 18th day of June, 1877. The execution was issued on the 26th day of January, 1878, and was placed in the hands of an officer for collection the same day, and on the same day he demanded the property named in the receipt of the defendants. The plaintiff claims that Morse Brothers & Co. were excused from not sooner taking out execution and causing the property to be demanded, by reason of the appeal that was allowed from the judgment rendered on the 18th day of June; and that inasmuch as the appeal was not entered in court, and the execution was taken out within thirty days from the rising of the term of court to which it was taken, it was seasonably taken out, and that under the act passed in 1866, their lien was preserved. That depends upon the question of whether there was any such appeal taken as suspended the judgment. The statute regulating and securing the right of appeal provides, by section 66, c. 31, that the appealing party shall at the time of the appeal give security by way of recognizance to the adverse party that the appellant shall prosecute his appeal to effect. No such security was given at the time of the appeal, or at any other time. The right to be allowed an appeal is dependent upon a compliance with the requirements of that statute, and without such compliance no appeal could be taken. In *Webb* v. *Hopkinson*, 10 Vt. 544, COL-LAMER, J., says the entering bail is a part of the taking of an appeal so as to vacate the judgment, and without which bail the appeal is imperfect and incomplete, and that the law gives the party his right to appeal only on the condition precedent that he furnish bail. And in *Arnold* v. *Waldo*, 36 Vt. 204, BARRETT, J., in considering the requirement of the statute to give a bond upon taking an appeal from the decision of commissioners, says that it must be regarded as prescribing a thing to be done that is essential to the taking of an appeal. It has been uniformly held that the giving of the security required by the statute was necessary to give a valid appeal. If an appeal is allowed without that prerequisite, it is void, and does not operate to vacate or suspend the judgment; and the judgment creditor is entitled to an execution the same as if no appeal had been allowed. It is claimed that inasmuch as the security to be given by the appellant is for the

exclusive benefit of the appellce, he may waive his right to it. How it might be as between the appellant and appellee, if it appeared that there had beeǹ any such waiver, we are not called upon to decide, because it does not appear that there had been any such waiver. If such a waiver would be binding upon the parties to it, it is certainly doubtful if the legal effect of it would not be to discharge the receiptors. Morse Brothers & Co. not having taken out an execution upon the judgment in their favor within thirty days from the time when it was rendered, lost their lien upon the property attached, and the receiptors were released from liability. This view makes it unnecessary to pass upon the question of the effect of the bankruptcy proceedings upon the rights of the parties. .

*Judgment reversed, and judgment for defendants.*